IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**WILLIAM SAMUEL McLEAN, JR.,** :
:
Petitioner : CIVIL NO. 1:CV-13-01029
:
v. : (Judge Rambo)
:
**WARDEN J.E. KRUEGER,** :
:
Respondent :

# **M E M O R A N D U M**

## I. **Background**

Petitioner William Samuel McLean, Jr., an inmate currently incarcerated at the Federal Correctional Institution at Schuylkill in Minersville, Pennsylvania ("FCI-Schuylkill"),[1] filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 19, 2013. (Doc. 1.) In the petition, Petitioner alleges that the layout of FCI-Schuylkill, as well as the stairs and lack of air conditioning, has aggravated his epilepsy and caused him to have seizures. As relief, he requests a transfer to a handicap-appropriate institution. For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

---

[1] In the response to the petition, Respondent mistakenly asserts that Petitioner is incarcerated at the Federal Correctional Institution at Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania. (Doc. 13 at 1.) In light of the claims in the petition, however, Respondent's misstatement of Petitioner's place of incarceration does not affect the court's disposition.

## II. Discussion

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).

In contrast, where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." *See Green v. Bledsoe*, Civ. No. 4:10-CV-0059, 2010 WL 1372409, at *1 (M.D. Pa. Apr. 5, 2010) (quoting *Suggs v. Bureau of Prisons*, Civ. No. 08-3613, 2008 WL 2966740, at *4 (D. N.J. July 31, 2008)). Rather, "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer*, 288 F.3d at 542. Where a federal inmate is challenging the conditions of his confinement, the filing of a *Bivens*[2] action under 28 U.S.C. § 1331, the federal counterpart to a § 1983 action, is appropriate.

---

[2] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

In the instant case, Petitioner's challenges to conditions and treatment in FCI-Schuylkill are not challenges to the fact or duration of his confinement. He does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully. Rather, Petitioner is complaining that his placement and continued confinement at FCI-Schuylkill violate his constitutional rights. This placement, however, does not affect the length of his sentence. Further, a decision in his favor would not alter his sentence or undo his conviction. Therefore, his claims are not properly asserted in a habeas petition brought under 28 U.S.C. § 2241. *See Bedenfield v. Lewisburg*, No. 10-1750, 2010 WL 3511507, at *1 (3d Cir. Sept. 9, 2010) ("Bedenfield's challenge to his placement in the SMU is analogous to the 'garden variety prison transfer' that we have indicated should be challenged in a civil rights action, not via a habeas petition"); *Green*, 2010 WL 1372409, at *2 (dismissing petitioner's § 2241 habeas petition challenging SMU placement as not cognizable under § 2241); *Woodruff v. Williamson*, Civ. No. 3:06-CV-2310, 2009 WL 703200, at *5 (M.D. Pa. Mar. 12, 2009) (same). While a habeas petition is not an appropriate forum for Petitioner to assert these claims, the court cannot conclude, with absolute certainty, that these claims cannot otherwise form the basis of *any* action.

Accordingly, the court will dismiss the instant petition without prejudice to Petitioner's right to pursue his claims in a proper action.[3]

An appropriate order will issue.

S/SYLVIA H. RAMBO
United States District Judge

Dated: June 12, 2013.

---

[3] The court expresses no opinion as to the merits, if any, of any civil rights claim Petitioner may file based upon the facts asserted in the instant petition.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**WILLIAM SAMUEL McLEAN, JR.,** :
:
    Petitioner : **CIVIL NO. 1:CV-13-01029**
:
v. : **(Judge Rambo)**
:
**WARDEN J.E. KRUEGER,** :
:
    Respondent :

# O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** for lack of jurisdiction.

2) The Clerk of Court is directed to **CLOSE** this case.

                                                           <u>S/SYLVIA H. RAMBO</u>
                                                           United States District Judge

Dated: June 12, 2013.